[Civ. No. 5225.  Second Appellate District, Division One.—April 10, 1928.]

MRS. JESSIE M. OUTRAM, Respondent, v. H. C. CHAP-MAN, Appellant.

William Ellis Lady for Appellant.

Henry M. Lee for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff alleged in her complaint that defendant became indebted to her in the sum of $750 for money had and received for her use and benefit;

that one-half of this sum had been paid and the balance was still due and payable. The trial court made findings in favor of plaintiff and defendant appeals from the judgment rendered thereon. Defendant, with one other, was the owner of a parcel of land which plaintiff agreed to purchase. An instrument dated October 23, 1923, was drawn up by Kells & Grant, real estate brokers, which both parties signed and which contained a number of provisions such as are usually found in instruments of this kind. In the document receipt was acknowledged by the brokers of the sum of $750 ''as deposit and part payment on account of the purchase'' of the lot. Apparently both plaintiff and defendant believed it was necessary to complete the transaction within 30 days from October 23, for both testified that there were some negotiations for an extension of time beyond this date. It is not necessary to here set forth the details of this agreement, since neither party complied with its terms. Plaintiff did not complete her cash payment and defendant did not tender a deed. On December 8, 1923, defendant sold the property to another party through the instrumentality of Kells & Grant. Plaintiff would clearly be entitled to the return of all her deposit unless she forfeited the right to demand one-half of it by the taking of the option on the property hereinafter mentioned.

Kells & Grant on November 24, 1923, obtained from defendant a written option on the lot in question by which they secured the exclusive right to purchase it until December 3, 1923. For this option, which was obtained in their own name, they paid the defendant the sum of $375 out of the deposit of $750 theretofore made by plaintiff, and returned to plaintiff the sum of $375. Defendant now contends that Kells & Grant were acting as agents of plaintiff and were authorized by her to obtain the option for her and make the payment from her deposit. Ample evidence was introduced to support defendant's position, and if it had been believed by the trial court, judgment would doubtless have been rendered for defendant. There was, however, a sharp conflict of testimony on the subject of the option. Plaintiff testified that she did not authorize Kells & Grant to pay to defendant the sum of $375, and had never heard of the option before the commencement of the action. ■ We are therefore confronted with the ordinary case of a conflict of evidence in which the trial court found in plaintiff's favor

and in which we are bound by the findings of the lower court. Except in the testimony of the witness Lint, which is contradicted by Mrs. Outram, there is nothing in the evidence which discloses an authorization, either express or implied, on the part of the brokers to obtain the option and pay for it out of plaintiff's funds.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 8, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 6, 1928.

All the Justices concurred.